IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:13CR42 |
| v. | |
| JHONATAN ROMAN-HEREDIA, | ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion to review his sentence reduction, Filing No. 126.

Pursuant to a plea agreement, defendant Roman-Heredia was convicted of conspiracy to distribute methamphetamine in 2014. He was sentenced to a term of imprisonment of 87 months. Thereafter, Amendment 782 to the Sentencing Guidelines lowered the Base Offense Levels by 2 levels for many defendants charged with drug crimes. The parties stipulated that the retroactive amendment to the drug quantity table changed the defendant Heredia's total adjusted offense level in his case from 29 to 28 and the defendant's guideline range from 87 months at the low end to 78 months at the low end. Filing No. 123, Stipulation. The parties agreed that Roman-Heredia should be resentenced to 78 months and the court reduced the defendant's sentence accordingly. Filing Nos. 124 and 125, Orders. The defendant now contends that he should have been afforded a two level reduction from level 29 to level 27 and should have received a sentence of 70 months at the low end the Guidelines range.

The record shows that at the time of his original sentencing, a drug conspiracy offense involving more than 15 kilograms of a methamphetamine mixture resulted in a base offense level of 38 under U.S.S.G. § 2D1.1. Pursuant to U.S.S.G. § 2D1.1(a)(5)(A) & (B), a defendant entitled to a mitigating role adjustment receives a four-level reduction from offense level 38 or a three level reduction from offense level 36. U.S.S.G. § 2D1.1(a)(5)(B)(ii) & (iii). The

defendant's original base offense level was therefore reduced from 38 to level 34 and was further adjusted from that base offense level to level 29.

Upon application of amendment 782, the two-level quantity-based reduction resulted in a base offense level of 36. At level 36 a three-level reduction is applied under U.S.S.G. § 2D1.1(A)(5)(c)(ii), his resulting base offense level was 33. He received the same adjustments to that level as he had in his original sentencing—a two level upward adjustment for maintaining a premises for the purpose of distributing drugs under U.S.S.G. § 2D1.1(b)(12), a two level downward adjustment under U.S.S.G. USSG § 2D1.1(b)(16)(the safety-valve) and a 2-level downward adjustment for being a minor participant under U.S.S.G. §3B1.2(b), resulting in an adjusted offense level of 31. After application of a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), his resulting total offense level is 28.

The defendant asserts that the two level reduction of amendment 782 should apply to the total offense level not the base offense level. The law is clear, the two point reduction applies to the base offense level, not the total offense level. The retroactive stipulation between the parties correctly applies the amendment 782 reduction.

Accordingly, the defendant is not entitled to any further reduction.

IT IS ORDERED:

1. The defendant's motion to review (Filing No. 126) is denied.

Dated this 28th day of September, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge